## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

FILED

March 27, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BILLY GENE SIZEMORE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0606** (BOR Appeal No. 2049215)
                        (Claim No. 940008036)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**JET COAL SERVICES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Billy Gene Sizemore, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 30, 2014, in which the Board affirmed a February 11, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges  modified the claims administrator's June 12, 2012, decision which denied a request for the medications  Levaquin, Prednisone, Combivent, Neurontin, Qvar, Spiriva, and Theophylline. The Office of Judges authorized Neurontin. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sizemore, a roof bolter, was injured in the course of his employment on August 17, 1993, when he was struck by a shuttle car and pinned. He suffered multiple crush injuries, including a chest wall deformity that caused restrictive lung disease. He requested the medications Levaquin, Prednisone, Combivent, Neurontin, Qvar, Spiriva, and Theophylline. The claims administrator denied his request on June 12, 2012, finding that the medications were not for the treatment of the compensable injury.

Mr. Sizemore has been under the care of Vishnu Patel, M.D, for the compensable injury. In 2008, he diagnosed occupational pneumoconiosis, pleural thickening, and restrictive lung disorder. Dr. Patel prescribed Combivent, Proventil, Qvar, and Zyban. In December of 2011, Dr. Patel stated that Mr. Sizemore had experienced an exacerbation of his chronic obstructive pulmonary disease and spoke to him about quitting cigarette smoking. In a September 5, 2012, letter, Dr. Patel opined that there was no evidence of occupational pneumoconiosis in this case. It was his opinion that Mr. Sizemore's conditions of respiratory insufficiency with left sided chest pain, shortness of breath, and dyspnea on exertion with frequent coughing were chronic in nature and will require medication for an indefinite period of time. Mr. Sizemore was also treated by Charles Porterfield, D.O., and on January 19, 2012, Dr. Porterfield asserted that his symptoms of restrictive lung disease and pleural thickening are related to his crush injury. He opined that his cough may also be related because the left lung compression may be more difficult to clear than the right lung. Dr. Porterfield opined that there was no indication of chronic obstructive pulmonary disease.

In an April 25, 2012, letter to Dr. Patel, the claims administrator attached a summary that stated that as a result of the injury, Mr. Sizemore developed a chest wall deformity and chronic fibrosis with pleural thickening. Tests show restrictive lung disease, but the condition is not one that progresses. It was noted that he is a long-time smoker and has been diagnosed with chronic obstructive pulmonary disease and occupational pnuemoconiosis, neither of which are compensable conditions in the claim and treatment for them is therefore not payable. The current medications were listed as Combivent, Spiriva, Theophylline, Qvar, and Nasonex, which are medications for chronic obstructive pulmonary disease, asthma, and allergies. A second letter dated May 18, 2012, indicates that Dr. Patel reported to the claims administrator in a phone conference that 85-90% of the treatment Mr. Sizemore was receiving at that time was related to pulmonary fibrosis, which would not have been caused by his crush injury. Dr. Patel stated that the medications currently prescribed (Combivent, Spirivia, Theophylline, Qvar, and Nasonex) were not related to the crush injury.

An independent medical evaluation was performed by Dominic Gaziano, M.D., on October 7, 2013. Dr. Gaziano noted that pulmonary function tests show that Mr. Sizemore's impairment is due to the restrictive nature of the chest wall injuries rather than any intrinsic interstitial lung disease. However, he found that the bronchospastic condition is not a result of the compensable injury. He stated that Levaquin is an antibiotic to be used intermittently for acute respiratory infections and Neurontin is not a respiratory medication and may be used for a neuropathic manifestation of the chest wall and shoulder pain. Prednisone, Combivent, Qvar,

Spiriva, and Theophylline are medications that are used for obstructive airway diseases and, in Dr. Gaziano's opinion, are not reasonably related to the compensable injury.

The Office of Judges modified the claims administrator's decision in its February 11, 2014, Order and authorized Neurontin. It found that the medications Levaquin, Prednisone, Combivent, Qvar, Spiriva, and Theophylline are primarily used for the treatment of asthma and chronic obstructive pulmonary disease. Though Mr. Sizemore suffered a chest wall injury, the injury has been stable over the years. Dr. Patel's notes did not support any conclusion that the medications are related to the compensable injury. In fact, Dr. Patel agreed in a phone conference with the claims administrator that most of the treatment he was rendering was not for the compensable injury. The Office of Judges determined that the medical records contradict the letters of Drs. Patel and Porterfield as they are full of references to chronic obstructive pulmonary disease. The Office of Judges found that the records also indicate that the chronic obstructive pulmonary disease is the result of Mr. Sizemore's significant cigarette smoking history. Furthermore, the Office of Judges concluded, based on Dr. Gaziano's report, that the respiratory medications requested are for the treatment of obstructive pulmonary disease. Mr. Sizemore's chest wall injury caused restrictive pulmonary disease. The Office of Judges noted that smoking is a significant cause of obstructive pulmonary disease. The Office of Judges did find, however, that Neurontin should be authorized because Dr. Gaziano stated that it is for chest wall and shoulder pain, which are most likely related to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 30, 2014.

On appeal, Mr. Sizemore argues that he has 25-30% left lung impairment due to his compensable injury, and his medications should therefore be authorized. The West Virginia Office of the Insurance Commissioner asserts that Mr. Sizemore failed to prove that the requested medications are for the treatment of the compensable injury. It asserts that Dr. Gaziano opined that the only medication that is related to the compensable injury is Neurontin. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that the only medication that is reasonably related to the compensable injury is Neurontin. The other medications appear to be for the treatment of Mr. Sizemore's other non-compensable lung conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum